**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CHARLES PAUL PROBST, 4TH,

                                  Plaintiff,

          - v -                                                  Civ. No. 1:17-CV-0945
                                                                    (MAD/DJS)

KATHLEEN BAKER,

                                  Defendant.
_____

**APPEARANCES:**                                **OF COUNSEL:**

CHARLES PAUL PROBST, 4TH
Plaintiff, *Pro Se*
98 Breslin Ave.
Cohoes, New York 12047

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

     The Clerk has sent for review a Complaint filed by *pro se* Plaintiff Charles Paul Probst, 4th. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee and has submitted an Application to Proceed *In Forma Pauperis*. Dkt. No. 7, IFP App. By separate Order, dated October 27, 2017, this Court granted Plaintiff's Application to Proceed IFP. The Court now *sua sponte* reviews Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e).

## I. DISCUSSION

### A. Legal Standard

     Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action *in forma pauperis*.

In reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Furthermore, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure requires that a pleading set forth "its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should ordinarily afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Analysis

The Court begins by noting that prior to filing this action, Plaintiff filed an earlier action in

this District, which appears to have to been against the same Defendant[1] and to be based upon a similar set of allegations. *See Probst v. Jankoswski* ("*Jankowski*"), Civ. No. 1:17-cv-0136 (MAD/DJS). In that action, Plaintiff's Complaint contained a single factual allegation: "False restraining order due to no Harm and Assault." *Id.*, Dkt. No. 1 at ¶ 4. This Court conducted an initial review, pursuant to 28 U.S.C. § 1915(e), and recommended that Plaintiff's Complaint be dismissed because it was devoid of factual allegations upon which a plausible claim to relief could be based, *id.*, Dkt. No. 6; the Honorable Mae A. D'Agostino, United States District Judge, adopted this Court's recommendation, *id.*, Dkt. No. 8. Plaintiff was granted leave to file an amended complaint, but did not do so, and, on August 16, 2017, the Clerk of the Court entered a judgment closing the case. *Id.*, Dkt. No. 10.

Plaintiff brings this case pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983). As with his earlier action, however, Plaintiff fails to make any factual allegations that would suggest a legal claim for relief. Indeed, the entirety of the Complaint is as follows: "Baiting. False Stalking the 3rd. Harassment. Pervoking [*sic*]. False Actions in my case. Was told I was in the news and paper have Wintnesses [*sic*]." Compl. at ¶ 5

The doctrine of *res judicata* acts to preclude later litigation where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in

---

[1] Although the Defendant's last name has been changed to "Baker" from "Jankowski," Plaintiff indicates that Defendant resides at the same address and raises a similar set of allegations. *Compare* Compl. *with Jankowski*, Civ. No. 1:17-cv-0136, Dkt. No. 1.

privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001). "[T]he dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects." *Berrios v. New York Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). Additionally, the Supreme Court has stated that a dismissal under 28 U.S.C. § 1915(e) "could . . . have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *see also Cieszkowska v. Gray Line New York*, 295 F.3d 204, 206 (2d Cir. 2002) (affirming dismissal of *in forma pauperis* complaint on ground of *res judicata* where prior *in forma pauperis* complaint was dismissed under 28 U.S.C. § 1915(e)). While *res judicata* is ordinarily an affirmative defense, *see* FED. R. CIV. P. 8(c), it may be raised *sua sponte*. *See Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998).

In this case, while it is unclear what claims Plaintiff seeks to assert or relief he seeks, it is apparent that the present action and *Jankowski* are brought against the same Defendant and involve the same nucleus of facts. Furthermore, a judgment was entered in *Jankowski* after it was determined that Plaintiff failed to state a claim upon which relief could be granted and Plaintiff failed to file an amended complaint. Accordingly, the Court recommends that Plaintiff's Complaint be **dismissed** pursuant to 28 U.S.C. § 1915(e).

Ordinarily, "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). Nonetheless, leave to replead need not be given when it would "futile" because "the problem with [the plaintiff's] causes of action is substantive." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The Court

therefore recommends that Plaintiff not be granted leave to amend.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** without leave to amend pursuant to 28 U.S.C. § 1915(e); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: October 27, 2017
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).