**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHARLES PAUL PROBST, 4TH,**

                          **Plaintiff,**

    **vs.**                                           **1:17-CV-0945**
                                                      **(MAD/DJS)**

**KATHLEEN BAKER,**

                          **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**CHARLES PAUL PROBST, 4th**
98 Breslin Ave.
Cohoes, New York 12047
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

Plaintiff commenced this action *pro se* on August 25, 2017, against Kathleen Baker. *See* Dkt. No. 1. Plaintiff asserts a civil rights claim against Defendant pursuant to 42 U.S.C. § 1983. *See id*. Magistrate Judge Stewart granted Plaintiff's application to proceed *in forma pauperis* and in a Report-Recommendation and Order dated October 27, 2017, reviewed the sufficiency of the Complaint. *See* Dkt. No. 9; *see* Dkt. No. 10. In his review, Magistrate Judge Stewart recommended that the complaint be dismissed in its entirety without leave to amend the complaint. Plaintiff responded by filing an objection to the Report-Recommendation and Order on November 6, 2017. *See* Dkt. No. 12 at 5.

In the Complaint, Plaintiff's sole cause of action claims as follows: "Baiting. False Stalking in the 3rd. Herassment [*sic*]. Pervoking [*sic*]. False Actions in my case. Was told I was in the news and paper have Wintnesses [*sic*]." *See* Dkt. No. 1 at 3. In his prayer for relief, Plaintiff requests "cash back and used for fee of $4.00 for this." *See id*. at 4. In his review, Magistrate Judge Stewart noted that the present action brought by Plaintiff appears to be against

the same Defendant and based upon a similar set of allegations as a previous action brought by Defendant and, therefore, recommended a dismissal of the complaint without leave to amend. *See* Dkt. No. 10 at 5.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen* 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

In the present matter, Plaintiff's objections do not allege any facts that indicate any error on the part of Magistrate Judge Stewart, but instead merely protest the findings of law by restating the allegations contained in his initial complaint. *See* Dkt. No. 12. Additionally, the information contained within the objections make it clear that the basis for Plaintiff's present claim involves the same nucleus of facts alleged by Plaintiff in a previous case against the same Defendant. *See Probst v. Jankowski ("Jankowksi")*, Civ. No. 1:17-CV-00136 (MAD/DJS), Dkt. No. 1 at 3. In *Jankowski*, this Court adopted the recommendation of Magistrate Judge Stewart and dismissed Plaintiff's complaint, granting the Plaintiff leave to amend the complaint. *See id.*, Dkt. No. 8 at 3-4. An amended complaint was never filed, and on August 16, 2017, the Clerk of the Court entered judgment closing the case. *See id.*, Dkt. No. 10.

The doctrine of *res judicata* acts to preclude later litigation where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with then; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001). "[T]he dismissal for failure to state a claim is a final judgement on the merits and thus has res judicata effects." *Berrios v. New York Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). Additionally, the Supreme Court has held that a dismissal under 28 U.S.C. § 1915(e) "could . . . have a *res judicata* effect on frivolousness determinations for future *in forma pauperis* petitions." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *see also Cieszkowska v. Gray Line New York*, 295 F.3d 204, 206 (2d Cir. 2002) (affirming dismissal of *in forma pauperis* complaint on ground of *res judicata* where prior *in forma pauperis* complaint was dismissed under 28 U.S.C. § 1915(e)). While *res judicata* is

ordinarily an affirmative defense, *see* FED. R. CIV. P. 8(c), it may be raised *sua sponte*. *See Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998).

In the present case, it is unclear what claims Plaintiff is seeking to assert and what facts support such allegations, yet it is apparent that the present action is based on the same nucleus of operative facts as in *Jankowski*. The complaint in *Jankowski* was dismissed for failure to state a claim upon which relief may be granted. Upon review of Magistrate Judge Stewart's Report-Recommendation and Order, Plaintiff's submissions, and the applicable law, the Court finds that Magistrate Judge Stewart correctly recommended that the Court should dismiss Plaintiff's complaint in its entirety. Dkt. No. 10 at 5.

After careful consideration of Magistrate Judge Stewart's Report-Recommendation and Order, Plaintiff's objections thereto and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 10) is **ADOPTED in its entirety;** and the Court further

**ORDERS** that Plaintiff's complaint in this action is dismissed without leave to amend; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 8, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge